UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DANIEL COBBLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-752 |
| ) | |
| FEDERAL JUDGE ) | |
| JENNIFER B. COFFMAN (6th Cir), *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

On November 9, 2005, plaintiff initiated this civil action by the filing of his complaint [doc. 1], which was unaccompanied by either the statutorily-required filing fee or an application to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1914(a), 1915(a)(1). That same date, plaintiff filed a motion [doc. 3] for waiver of his filing fee, citing his dissatisfaction with the outcome of a prior case.

By Notice of Deficiency [doc. 4] dated November 15, 2005, the court gave plaintiff thirty days to submit either his filing fee or *in forma pauperis* application in order to avoid dismissal of this action. In response, plaintiff filed a second motion for waiver of filing fee [doc. 5], again citing his dissatisfaction with an unsuccessful prior suit.

By order [doc. 7] dated November 28, 2005, the court for a second time directed plaintiff to submit an *in forma pauperis* application within thirty days or face dismissal for failure to pay the filing fee that is statutorily-required of all plaintiffs in federal

court. In response, plaintiff submitted neither the mandatory fee nor his *in forma pauperis* application, instead offering a December 27, 2005 "Notice of Informing Elected Officials of the Courts [sic] Continuing Malfeasance." [Doc. 8]. Therein, in addition to leveling an extortion charge against the court, plaintiff affirmed that he "can afford to pay the filing fee. Wherefore, the Court's requirement that Plaintiff submit an application for inability to pay is not applicable, [sic] here." Since that filing, more than six months have passed and plaintiff has still not paid his fee or moved to proceed *in forma pauperis*.

With limited exceptions, federal law mandates that "[t]he clerk of each district court *shall require* the parties instituting any civil action . . . to pay a filing fee of $250[.]" 28 U.S.C. § 1914(a) (emphasis added) (subsequently increased to $350.00 since the initiation of this action). A non-prisoner plaintiff may seek waiver of this mandatory fee only by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see also Sheffield v. Sec'y of State*, No. 06-10628, 2006 WL 416198, at *1 (E.D. Mich. Feb. 21, 2006) (concluding, as does this court, that § 1915(a)(1)'s use of the word "prisoner" is likely a typographical error).

"[A] filing fee *is required* of a party instituting any civil action[.]" *Truitt v. County of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998) (emphasis added). "Everyone, even uncounseled litigants[,] must act [as] provided by statutes and rules." *Id.* (quotation omitted). "It is the filing which triggers the [plaintiff's] requirement to pay, not the outcome" of this or any prior litigation. *See King v. Deskins*, No. 99-6381, 2000 WL 1140760, at *2 (6th Cir.

Aug. 8, 2000).

Therefore, because plaintiff has refused to comply with 28 U.S.C. §§ 1914(a) or 1915(a)(1) (for which he admittedly does not even qualify), this civil action will be dismissed. An order consistent with this opinion will be entered.

ENTER:

       s/ R. Leon Jordan      
United States District Judge